*40
 
 Gaston, J.
 
 *
 

 Thove would probably be no serious difficulty in the way of affirming the judgment of the Superior Court, but for the objection taken to the certainty of the" lcfry. The constable’s return is “levied on lands supposed to be upwards of 100 acres, where
 
 Richard Heath
 
 lives. — ■ No other property to be found.” To sustain this levy, the defendant proved that James Joiner (the defendant in- the execution) owned but twof tracts of land in the county,-each of 110 acres and adjoining to each other, that on one of these' he' resided himself, and that on the other (which was alleged to be the tract levied on, and which is the tract now in dispute)
 
 James Heath
 
 lived as Joiner’s lessee; that the former tract was situated on a creek, and the latter was not situate on any water course, but lay in a flat, poeoson, pine barren, and was known as a tract belonging to James Joiner, whereon
 
 lames Heath
 
 lived. An objection being taken by the plaintiff to the sufficiency of the levy, his
 
 Honor
 
 held that the description of the land therein, as explained by this evidence, was sufficiently specific.
 

 The plaintiffexcepts to this opinion for two reasons
 
 f
 
 first, for that the extrinsic evidence set forth has no tendency to explain or supply the defective description in the return ; and secondly, for that, if it Had, whether such explanatory or supplementary' evidence identified the subject matter of the levy was a question of fact for the jury, and not one of law for the court. In our opinion both these objections-are well founded.
 

 The act (Rev. Stat. eh. 62, sec.-16,) prescribes, that where the constable makes a levy on land, he shall make return thereof to" the justice “ setting forth what land he ha's levied on, where situate, on what water course, and whose land it is adjoining.” The' courts have decided, that it is not indispensable that these directions of the statute should be iite-
 
 *41
 
 rally observed; but at the same time they have held that, where the return does not set forth all the marks of descrip-r tion prescribed by the statute, it is necessary for the claimant under the levy to shew clearly, by extrinsic evidence, that it does adequately describe the land, and that it describes it as satisfactorily as if it had in terms conformed to the statute.
 
 Borden
 
 v
 
 Smith,
 
 3 Dev. &. Bat. 34.
 
 Huggins
 
 v
 
 Ketchum,
 
 4 Dev. & Bat. 419.
 
 Smith
 
 v
 
 Low,
 
 2 Ired. 457. And by the same decisions it is settled, that, where it is attempted to help a return by such extrinsic evidence, the en-quiry, whether the land levied on be thereby identified, is an enquiry of fact for the determination of the jury.
 

 We are unable in this case to lay our hands on any'evi-denee, which could warrant a jury in declaring the land identified by the description in the return. As the execution authorized the constable to levy on the land of James Joiner, and not on that of any other person, we may assume that the return should be understood, as though it had in terms described the land levied on as that of Joiner. So understood, the description is “ land of James Joiner supposed to be upwards of 100 acres, whereon Richard Heath lives.” Apart of this description, as applicable to any tract of Joiner’s, is contradicted by the evidence. From that it appears, that James Joiner had no land, on which
 
 Richard Heath
 
 lived. The parol evidence, far from aiding or explaining this part of the description, proves it to be false. — ■ It is not shewn that the land in question ever bore this description ; on the contrary, the evidence is, that thefland was
 
 known
 
 as the land of Joiner, whereon
 
 James Heath
 
 lived. Whether this false description — although it is apparently an essential mark of the land — ‘may not be rejected, we need not stop to enquire. For, if this be admitted, then the description is “land of James Joiner supposed to be upwards of 100 acres.” Where is the parol evidence to supply this defective description
 
 1
 
 James Joiner had
 
 two
 
 tracts, each containing upwards of 100 acres. There is nothing to shew to which of these — if to either — the levy applied.
 

 It is the opinion of this court that the judgment of the
 
 *42
 
 Superior Court should be reversed, and that a new trial ought to be awarded.
 

 Per Curiam, Judgment reversed and new trial awarded.
 

 *
 

 Note by (he Reporter.
 
 This was tlie last opinioh delivered by Judge Gastos- in the Supreme Court. He read it in court on Saturday, the^SOth of January, and died on the following Tuesday.