Nash, 0. J.
 

 The bill is filed for the specific performance of a contract for the sale and purchase of a tract of land dr lot in the town of Charlotte. The lot is described as being lot number 369, in square number 51, in the map or plat of said town. No writings were drawn between the parties at the time the agreement was made, and the defendants, the administrators of H. C. Owens, deceased, with whom it is alleged by the plaintiff that the contract was made, in their answer, deny all personal knowledge of the contract, but state that if any was made, it was by parol, and they clajm the benefit of the Act of 1819. In his bill, the plaintiff admits that the contract was not reduced to writing, but insists that Henry C. Owens had made a memorandum of the same in some one of his books of accounts signed by him, or in letters, and the defendants are called on to produce any such memorandum or letters or other papers they have found among his papers. In compliance with this demand, the defendants produce the copy of an account extracted from the boobs of H. C. Owens, headed “ 1841, William Plummer toH. C. Owens, Dr. To 4 loads of Rock, one lot, at one year’s credit, $125.” The account then goes on to charge for putting up a house, and for various building articles. It is admitted that the name of H. C. Owens at the head of the account is in the handwriting of the intestate. The plaintiff took possession of the lot No. 369, and lived on it a year or more when he left it and removed.
 

 It is well settled in this State, that part performance of a parol contract, by taking possession and paying the purchase money and making improvements on land will not take the case out of the Statute of 1819,
 
 (Allen
 
 v.
 
 Griffin,
 
 2 Dev. & Bat. Eq. 9;) but that there must be some memorandum in writing signed by the party to be charged, to have that effect. The account produced by the defendants would have answered the puipose, if it had been more specific ; but it is too vague and uncertain to guide the Court in saying that the lot mentioned in it is the same as the one mentioned in the bill, concerning which the contract was made ; nor is there' any thing in the other items of the account
 
 *256
 
 to assist us. All the materials furnished might, for aught disclosed to us, have been put on some other lot, as well as the house mentioned. The only purpose for which this memorandum was called for by the plaintiff was to enable him to get rid of the Act of 1819 ; and to have that effect, it must speak for itself. We cannot declare that the intestate II. C. Owens did make any writing or memorandum concerning the sale of the lot mentioned in complainant’s bill, and therefore the plaintiff is not entitled to a specific performance ; but he is entitled to an account for his improvements on the lot. The Act of 1819 is intended to avoid frauds and perjuries, is beneficial in. its object, and ought to receive such a construction as will give it efficacy. There must be a reference to the master to take an account of the value of the plaintiff’s improvements.
 

 Per Curiam. Decreed accordingly.