Nash, C. J.
 

 The complainants are entitled to the relief they ask for. The case is before us upon the bill and answer, and is a simple one. S. S. Simmons purchased from Benjamin A. Spruill a tract of land whereon he lived, called the William'Wynn farm, for the sum of $3300, and the defendant executed at the same time a receipt in full for the purchase-money, and bound himself and his heirs “ to make him a deed for the same when called for.” The defendant denies that he is bound to make any deed to S. S. Simmons :
 

 
 *11
 

 First.
 
 Because tbe instrument set forth in the bill, and which he admits is a correct copy, is not under seal.
 

 Secondly.
 
 Because the instrument does not contain any description, by quantity or boundaries, of the land in question.
 

 Thsfl/rst
 
 objection is not valid. The statute of frauds does not require a contract to convey lands to be under the seal of the vendor, but it does require “ the contract, or some memorandum or note thereof, to be put in writing, and
 
 signed by the party to be charged
 
 therewith,” &c.; Rev. Stat. ch. 50, sec. 8. The act in this case has been complied with.
 

 The second objection is equally insufficient. The land sold has two descriptions : First, the land on which Benjamin A. Spruill then lived ; Secondly, the William Wynn farm.
 
 Id certvm est quod c&rtvm reddi potest.
 
 The bill states that the plaintiff S. S. Simmons had the boundaries of the William Wynn farm, or land,- surveyed, and the bill sets forth the boundaries and the quantity of land, to wit, 200 acres. In his answer, the defendant admits that the William Wynn land is correctly described in the bill of complaint. With what propriety this objection is made, we cannot perceive.
 

 The instrument set forth in the bill, states the price of the land and acknowledges full payment thereof at the time. The answer denies that any money was paid, but acknowledges the transfer to him by S. S. Simmons of notes upon others for the larger portion of the purchase-money, and his note for the balance, and that the defendant has collected all the transferred notes, and all the money upon Simmons’ own note, except $63,15, which is still due and unpaid. In the argument, it was contended, that the instrument set forth ought to be considered in the nature of a bond to make title when the purchase-money was paid, and therefore that the defendant had a lien upon the land, and the Court of Equity will not decree a conveyance until the whole purchase-money is paid. The instrument set forth, cannot b'e considered in the nature of a bond to make title. The parties themselves, have, in the instrument, agreed when the title was to be made, to wit, “ when called for,” — not when the purchase-money was paid.
 
 *12
 
 In England, it is a well-established principle of Equity, that when a conveyance is prematurely made before payment of the price, the money is a charge upon the estate in the hands of the vendee. This doctrine has been repudiated in this State;
 
 Womble
 
 v. Battle, 3 Ire. Eq. 182;
 
 Henderson
 
 v.
 
 Burton,
 
 Ibid. 259. But, even in England, this equitable lien may be lost, if, from the contract, it appears that the parties did not rely upon it; Adams’ Equity, 285. No such question can arise here. The parties have, in their contract, told us when the title was to be made, i. e., when called for. The plaintiff S. S. Simmons did call upon the defendant to make him a title to the land, at the same time tendering to him a conveyance of the land to be executed by him. This he refused to do.
 

 The contract, as set forth in the instrument, not creating any lien upon the land for the purchase-money, much less can it create any lien for the payment of notes subsequently acquired by the defendant on Simmons.
 

 Several other questions were brought to our notice, as growing out of the contract, but as they are no ways important in deciding the case upon the view we have taken of it, we do not notice them.
 

 The plaintiffs are entitled to a decree for the conveyance of the land in question to S. S. Simmons from the defendant; but, as it appears that a small portion of the purchase-money is still due, the plaintiffs, before receiving the conveyance from the defendant, must tender to him, or pay him, the amount so due. Both the bill and answer state the amount to be $63,75 ; but the parties can have a reference to the master to ascertain the exact sum so due, in principle and interest, if they desire it.
 

 Bek Cubiam. Decree accordingly.