L. B. LEATHERWOOD v. A. J. FULBRIGHT.

*Action to Recover Land—Recovery upon Equitable Title—Pleading—Defective Cause of Action—Dismissal—Amendment in Supreme Court.*

1. A complaint which states that the plaintiff is the equitable owner of land, but sets forth no facts in support of the equitable title, except that plaintiff has a bond for title from a third party, does not state a cause of action, and the action will be dismissed in the Supreme Court, upon motion.

2. If it had appeared, during the progress of the trial, that the evidence sustained issues embodying the averment of payment of the purchase-money by the plaintiff, an amendment would have been permitted in the Supreme Court, and the action would not have been dismissed.

CIVIL ACTION for the recovery of land, tried before *Merrimon, J.,* at Fall Term, 1891, of HAYWOOD Superior Court.

Upon an intimation of the Court that, upon the plaintiff's evidence, he was not entitled to recover, the plaintiff submitted to a nonsuit and appealed.

*Messrs. J. M. Moody* and *T. F. Davidson,* for plaintiff.
*Mr. G. S. Ferguson,* for defendant.

*Per Curiam.*

The defendant moved in this Court that the action be dismissed for that the complaint did not set forth facts sufficient to constitute a cause for action. The plaintiff alleges that he is the equitable owner of the land, and demands possession of the same. No facts are set forth in support of this equitable title, except that the plaintiff has a bond from one Rogers to convey the land to him upon the payment of one thousand dollars. There is no allegation that he has paid any part of the purchase-money, or that he has ever been in possession. While it is true that one may recover upon an equitable title in an action in the nature of ejectment (*Taylor* v. *Eatman,* 92 N. C., 601), it is nevertheless essential that he should set forth the facts upon which the same is grounded. See rule as stated in *Geer* v. *Geer, ante,* 679. There is here nothing but an executory contract with no averment as to payment, and it is plain that no cause of action is stated.

Had the case proceeded to trial upon the merits, and upon evidence sustaining issues embodying the essential circumstances, a motion to dismiss would not be allowed. In that event, the Court below, or this Court, would have ordered the pleadings to be amended so as to conform to the facts found. *Baker* v. *Garris,* 108 N. C., 227. Such is not the case here, and we think the motion should be allowed.

This renders it unnecessary to notice the ruling of the Court upon the insufficiency of the description in the bond for title. The attention of counsel, however, is directed to the case of *Perry* v. *Scott, ante,* 374.

Dismissed.