## W. H. NORTON v. J. A. SMITH.

### (Filed 12 May, 1920.)

**1. Deeds and Conveyances—Statute of Frauds—Descriptions—Parol Evidence—Specific Performance—Equity—Statutes.**

A written contract to convey the grantor's "entire tract or boundary of land, consisting of 146 acres," sufficiently describes the lands intended to be conveyed to admit of parol evidence tending to show that the owner had only one tract of land of that description in that locality, which was generally known, and upon which he resided, and which he cultivated, to designate the subject-matter of the contract and fit it to the description contained in the instrument, and the contract is sufficient to enforce specific performance by the seller under the statute of frauds, Rev., 976.

**2. Deeds and Conveyances— Wills— Contracts— Ambiguity— Statute of Frauds—Parol Evidence.**

The description of land contained in a will which is sufficiently definite to admit of parol evidence to fit thereto the land intended to be conveyed, is also sufficient, in a deed or other written contract; and where there is a description therein of the lands intended to be conveyed, as a certain tract containing a certain acreage, it will not be presumed that the grantor or devisor had more than one tract of that description, and there is no patent ambiguity in the written instrument; and if it is shown that he did have more than one, it is an instance of latent ambiguity, which may be explained by parol evidence to identify the tract intended to be described.

CIVIL ACTION, tried before *Long, J.,* and a jury, at September Term, 1919, of ALEXANDER.

Plaintiff brought this action to recover damages for the breach of a contract for the sale of land. The defense was that the description of the land was too uncertain and indefinite, and the contract is, therefore, void. The land was described as follows: "Whereas, J. A. Smith has sold to W. H. Norton his entire tract or boundary of land consisting of 146 acres on the following conditions, . . . payments to be secured by notes and mortgage on said land, with interest from date of transfer. Said Norton is to pay to said Smith $12,000 sum total in all, $200 cash in hand on the above amount, the receipt of which is hereby acknowledged, $4,800 to be paid when deed is made and delivered, not later than 10 October, 1918, balance in payments of $2,000 on 1 January of each year, commencing 1 January, 1920, till last payment, which would be $1,000, 1 January, 1923. Said J. A. Smith is to have all the cultivated crops this year. Smith is to have dwelling till he gets his tobacco crop worked off, which will be about 1 January, or as soon thereafter as possible."

The jury returned the following verdict:

"1. Did the defendant make the written agreement with the plaintiff to sell his entire tract or boundary of land containing 146 acres to the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant afterwards refuse to convey the said land to the plaintiff, as alleged? Answer: 'Yes.'

"3. What damage, if any, is the plaintiff entitled to recover? Answer: '$1,340.' "

Judgment on the verdict, and the defendant appealed.

*W. A. Self, John Gwaltney, James Alexander, and H. P. Grier for plaintiff.*

*J. H. Burke, F. A. Linney, and L. C. Caldwell for defendant.*

WALKER, J., after stating the case as above: There was evidence tending to show that the defendant owned but one tract of land, and had listed for taxation only one tract, which was the land occupied by him as a home; that it contained exactly one hundred and forty-six acres; that he had lived there 10 or 11 years; the land is about one mile from Stony Point, where the contract was made; it has his dwelling on it, and defendant raised tobacco there. It appears to be a well known place, and the only one the defendant owned. It is admitted in the answer that the defendant refused to convey any land to the plaintiff. Defendant alleged in his answer that the contract is void, because the description is not a sufficient compliance with the statute of frauds (Rev., 976), which is specially pleaded in bar of the right to recover. Upon this plea, the judge charged correctly as to the law, and the jury has found against him as to the facts. The description is sufficient for the admission of parol evidence to identify the land, or to fit it to the land intended to be sold and conveyed. The contract described it as the defendant's "entire tract or boundary of land," and further as "consisting of 146 acres." It was not a part of another tract, but was a separate and distinct tract. It was the same as if J. A. Smith had described it as "his 146-acre tract of land." It also appears by the evidence to be the tract he was cultivating in tobacco that year, and to have had more than one dwelling. But the fact that he owned only one tract, and that it contained 146 acres, was sufficient to identify it as the land the defendant contracted to convey. *Carson v. Ray,* 52 N. C., 609, is exactly in point. There the description was "my house and lot in the town of Jefferson," and it was held that it would "undoubtedly" be sufficient, if in a will, to pass the testator's house and lot, in the absence of any proof to show that he had more than one. If, then, such a description would be sufficiently certain in a will, we cannot

perceive any reason why it should not be so in a deed, as, in both instruments, the only requisite, as to the certainty of the thing described, is that there shall be no patent ambiguity in the description by which it is designated. A house and lot, or one house and lot in a particular town, would not do, because too indefinite on the face of the instrument itself. See *Plummer v. Owens,* 45 N. C., 254; *Murdock v. Anderson,* 57 N. C., 77. But "my house and lot" imports a particular house and lot, rendered certain by the description that it is one which belongs to me, and, upon the face of the instrument, is quite as definite as if it had been described as the house and lot in which I now live, which is undoubtedly good. Where the deed or will does not itself show that the grantor or devisor had more than one house and lot, it will not be presumed that he had more than one, so that there is no patent ambiguity, and if it be shown that he has more than one, it must be by extrinsic proof, and the case will then be one of a latent ambiguity, which may be explained by similar proof. An agreement "to furnish water out of the mill dam sufficient to carry the fulling mill and carding machine" was held, in *Fish v. Hubbard,* 21 Wendell (N. Y.), 651, to be a sufficient memorandum to defeat a plea of the statute, and to let in parol evidence to identify the property, *Judge Cowan* remarking: "If it were in proof that the donor or grantor owned one mill dam, one carding machine, and one fulling mill, and no other property of that description at the date of his will or deed, ought we to hesitate in saying that he intended to pass such property; or should we say that possibly he intended some property of his neighbor or neighbors answering a similar description? The presumption is strong that a description which actually corresponds with an estate owned by the contracting party is intended to apply to that particular estate, although couched in such general terms as to agree equally well with another estate, which he does not own." In the subsequent case of *Mead v. Parker,* 115 Mass., 413, where the writing was in these words: "This is to certify that I, Jonas Parker, have sold to Franklin Parker a house on Church Street for the sum of $5,500," the Court held that evidence was competent to show what house the defendant owned on Church Street, if he had only one, and decreed specific performance of the contract, remarking as follows: "The most specific and precise description of the property intended requires some proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, and situation of the parties, and of their relation to each other and the property, as they were when the negotiation took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written

contract or memorandum of their agreement." So it has been held that a description of land, as that on which a certain person resides, is sufficient to identify it by parol evidence. *Morrisey v. Love,* 26 N. C., 38; *Simmons v. Spruill,* 56 N. C., 9; or by its name, as the "home place," the "Lynn place," or the "Leonard Greeson place." *Smith v. Low,* 24 N. C., 457. These positions are fully sustained by *Lewis v. Murray,* 177 N. C., 17, at pp. 19-21, citing *Bateman v. Hopkins,* 157 N. C., 470; *Thornburg v. Masten,* 88 N. C., 293; *Farmer v. Batts,* 83 N. C., 387, and other cases. Every valid contract must contain a description of the subject-matter; but it is not necessary it should be so described as to admit of no doubt what it is, for the identity of the actual thing and the thing described may be shown by extrinsic evidence. Fry on Specific Performance, sec. 209; Pomeroy on Contracts, sec. 90 and note; *Buckhorn L. & T. Co. v. Yarbrough, ante,* 335. We have not the slightest doubt that this description is not a patent ambiguity, but, at most, is a latent one, susceptible of being made certain by extrinsic proof. It is far more accurate than some of the descriptions held by the authorities to be sufficiently definite, as against a plea of the statute of frauds, to admit parol evidence for the purpose of fitting the description to the land intended to be conveyed.

The other exceptions, as to evidence, etc., are, in the view taken of the case, immaterial, and if the rulings were erroneous, they were harmless. The uncontradicted facts clearly identify the land. The defendant offered no evidence to show that he owned any other "entire tract or boundary of land" containing 146 acres, or that he did not intend to sell his home place.

No error.