HAZEL BOONE, JUDY CARTER, MAGGIE PARKER, FLOSSIE PARKER, EULAH PHILLIPS, EDDIE WALTON, PEARLIE WATSON, HEIRS AT LAW OF THE ESTATE OF DEMPSEY WALTON, APPELLANTS v. J. A. PRITCHETT, COMMISSIONER, B. U. GRIFFIN AND CHARLES GRIFFIN, SONS AND HEIRS AT LAW OF C. B. GRIFFIN AND L. H. GRIFFIN, L. S. MIZELLE, GUARDIAN AD LITEM, APPELLEES.

(Filed 10 April 1963.)

**1. Boundaries § 9; Quieting Title § 2—**

A description in a deed which fails to set forth even the county in which the land is situate, and stipulates the beginning as a gum on a named branch, thence with the branch to another gum, thence south to a red oak on a named road, thence along said road to a bend, and thence down said road to the beginning, is void on its face for indefiniteness, and a complaint alleging that plaintiffs claim under a deed containing such description is demurrable for failure to state a cause of action.

**2. Same—**

In an action to quiet title against parties claiming under a commissioner's deed, the commissioner is not a proper party when there is no allegation that he was ever in possession of the land or received any rents or profits from it.

**3. Pleadings § 18—**

A cause may not be dismissed upon demurrer for mere joinder of parties who are neither necessary nor proper parties.

APPEAL by plaintiff from *Cowper, J.,* at the August 1962 Term of BERTIE.

This action was commenced June 6, 1962. Plaintiffs' prayer for relief is that their title be quieted; that defendants account for rents and profits and surrender possession of a thirty-acre tract of land. Defendants' demurrer to the complaint was sustained.

In summary, the complaint alleges the following facts:

All of the plaintiffs named in the caption of the case are the heirs at law of Dempsey Walton who died in 1902 leaving a widow, Judy Walton, and the following children, none of whom are listed among the plaintiffs: Polly Walton, Delia Walton, Cubia Walton, Oscar Walton, Silas Walton, and Dempsey Walton, Jr. Judy Walton died in 1903 leaving the six named children surviving her. At the time of his death Dempsey Walton was seized of the following described tract of land which he acquired by deed from Hezekiah Griffin in November 1878:

> BEGINNING at a gum on Green Branch; thence up Green Branch to a gum; thence South to a Red Oak on the River Road;

thence along said Road to the bend; thence down said road to the beginning containing fifty-six acres, more or less.

After the death of the widow, the heirs of Dempsey and Judy Walton occupied the property until sometime in 1937 when Hazel Boone, one of the plaintiffs, left it "on her own accord."

On January 9, 1936, C. B. Griffin, alleging that the estate of Judy Walton owed debts, wrongfully secured his appointment as administrator of the estate of Judy Walton. On March 16, 1937, he instituted a special proceeding in which L. S. Mizelle (listed in the caption as a party defendant to this action) was appointed guardian *ad litem* for all of the unknown heirs of Judy Walton. In the special proceeding, one of the defendants in this action, J. A. Pritchett, was appointed commissioner. "Pursuant to said Special Proceeding" on July 29, 1937, by commissioner's deed, he conveyed to L. H. Griffin (Louise H. Griffin), the wife of C. B. Griffin, administrator, the following described land:

That certain tract or parcel of land in Woodville Township, Bertie County, North Carolina, adjoining the lands of J. O. Early, William C. Thompson, and others, and containing 30 acres, more or less and being well known as the "Julia Walton Home Place."

By virtue of the deed from Pritchett commissioner, Louise H. Griffin "and her heirs," have erroneously and unlawfully claimed and used the property belonging to the heirs of Dempsey Walton.

The complaint states that the records of this special proceeding are attached, included, and made a part of the complaint. However, no petition is attached.

The last paragraph of the complaint proper alleges that defendants at all times knew or should have known that Dempsey Walton was the record titleholder of the "aforesaid property"; that defendants claimed no debts against his estate and the special proceeding did not purport to bind the heirs of Dempsey Walton; that the defendants "fraudulently and wilfully and wrongfully entered upon the lands of the estate of the said Dempsey Walton under the pretense of debts against the estate of Julia Walton, who had demised some thirty years prior to the claim of the alleged debts of Julia Walton and thus had no interest in the lands of the estate of Dempsey Walton." Presumably Judy Walton and Julia Walton are one and the same person.

The record discloses that C. B. Griffin died in 1948 and L. S. Mizelle died in 1956. J. A. Pritchett, commissioner; B. U. Griffin and Charles

Griffin, denominated in the caption as sons and heirs of C. B. Griffin; and Mrs. L. H. Griffin were served with summons. They demurred to the complaint on the ground that it failed to state a cause of action in that plaintiffs do not "allege ownership of the lands purportedly described" and the complaint does not contain a legally sufficient description of any land. The defendants also demurred for "an improper joinder of parties." The court sustained the demurrer and also ruled that J. A. Pritchett, commissioner, and L. S. Mizelle, guardian *ad litem,* (now deceased) were improper and unnecessary parties.

*Conrad O. Pearson, W. G. Pearson, II, and F. B. McKissick for plaintiff appellants.*
*Pritchett & Cooke for defendant appellees.*

SHARP, J.   Plaintiffs claim the thirty acres, described in paragraph ten of the complaint as the "Julia Walton Home Place," located in Woodville Township, Bertie County, North Carolina, as heirs of Dempsey Walton. The source of their alleged claim is the deed dated November 6, 1878, by which Hezekiah Griffin purported to convey fifty-six acres of land, more or less, to Dempsey Walton. The description in that instrument, as set out in paragraph three of the complaint, is quoted verbatim in the facts above. It discloses positively that the deed is void for vagueness and uncertainty of description. It contains no courses and distances and no reference to any source by which evidence *aliunde* could identify the land. *Holloman v. Davis,* 238 N.C. 386, 78 S.E. 2d 143; *Carrow v. Davis,* 248 N.C. 740, 105 S.E. 2d 60. There is no allegation that the Dempsey Walton land is in Bertie County but, assuming that it is, Bertie County is bounded on one side by the Roanoke River; on the other, by the Chowan River. It has many miles of river road and myriads of gum and red oak trees. If Green Branch is a known stream, the gum on the bank from which to begin an uncertain trek up the branch to another gum, is not.

If it be conceded that Dempsey Walton owned a tract of land containing approximately fifty-six acres somewhere in Bertie County, the complaint does not justify the inference that the thirty acres which J. A. Pritchett, commissioner, conveyed to L. H. Griffin are a part of it. The demurrer was properly sustained for failure to state a cause of action. *Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484.

Since L. S. Mizelle died in 1956, he is not only an improper party but an impossible party. The complaint contains no allegation that J. A. Pritchett, commissioner, was ever in possession of the land or re-

ceived any rents and profits from it. The court correctly ruled that he was an improper party. However, a misjoinder of one who is not a necessary party is surplusage and not grounds for demurrer. *Sullivan v. Field,* 118 N.C. 358, 24 S.E. 735; *Perry v. Doub,* 238 N.C. 233, 77 S.E. 2d 711.

The demurrer admits that all of the plaintiffs listed in the caption of the case are heirs at law of Dempsey Walton. It is not now necessary to decide whether that allegation in the complaint amounted to an averment that plaintiffs are *all* of the heirs of Dempsey Walton. However, it is noted that the plaintiffs' relationship to him is nowhere specifically alleged; no genealogy connects them with either Dempsey Walton or his children named in the complaint.

The judge of the Superior Court allowed the plaintiffs thirty days in which to amend their complaint if so advised. They may still avail themselves of this privilege.

Affirmed.