BOONE *v.* PRITCHETT.

HAZEL JONES BOONE, INDIVIDUALLY; HAZEL JONES BOONE, NEXT FRIEND OF HAZEL JONES, JIM A. JONES, HELEN D. JONES, MINORS; ARTHUR JONES, ELOISE JONES PUGH, LIZZIE HOCKER, ETHEL JONES ARTIS, EDDIE WALTON, JUDY W. CARTER, FLOSSIE W. PARKER, EULAH W. PHILLIPS, MAGGIE W. PARKER AND PEARLIE JONES WATSON, v. J. A. PRITCHETT, COMMISSIONER; B. U. GRIFFIN, AND CHARLES GRIFFIN, SONS AND HEIRS AT LAW OF C. B. GRIFFIN AND L. H. GRIFFIN.

(Filed 28 September, 1966.)

**Ejectment § 7—**

Demurrer is properly entered in an action in ejectment to a complaint setting forth the plaintiff's claim under a deed void on its face for indefiniteness of description, and the insufficiency of the description cannot be aided by allegations that defendants were in possession under a deed containing sufficient description of the land.

APPEAL by plaintiffs from *Cohoon, J.,* May 1966 Session of BERTIE.

Action to quiet title and to recover land together with its rents and profits.

This particular action was instituted on June 25, 1963. Thereafter plaintiffs filed an amended complaint in which, in brief summary, they allege:

On November 11, 1878, H. Griffin conveyed to Dempsey Walton the following described real estate:

"(A) certain tract or parcel of land known as a portion of the Smith Tract. Beginning at a Gum on Green Branch thence up Green Branch to a Gum, thence South to a Red Oak on the River Road thence along said Road to the bend thence down said road to the beginning, containing fifty six acres more or less."

Plaintiffs, as the heirs of Dempsey Walton, are the owners of this land. Dempsey Walton died in 1902; his wife, Judy Walton, died in 1933. Thereafter C. B. Griffin qualified as the administrator of Judy Walton and instituted a special proceeding in which, for the purpose of securing the property for himself, he falsely alleged that it was necessary to sell the Dempsey Walton land to make assets to pay the debts of Judy Walton. Pursuant to an order entered in this special proceeding, defendant J. A. Pritchett, acting as commissioner, sold the lands to L. H. Griffin, wife of C. B. Griffin, by deed dated July 29, 1937, which described the property as follows:

"That certain tract of land in Woodville Township, Bertie County, North Carolina, adjoining the lands of J. O. Earley, William C. Thompson and others, containing 30 acres more or less and known as the 'Julia Walton's home place.'"

Since July 29, 1937, L. H. Griffin and her sons, defendants B. U. Griffin and Charles Griffin, have "claimed and used the property of the heirs of Dempsey Walton and have been receiving the rents and profits from said land."

Defendants moved to strike certain allegations in the amended complaint and demurred on the ground that the complaint failed to state a cause of action. From the court's order allowing the motion to strike in part, sustaining the demurrer, and dismissing the action, plaintiffs appeal.

*Conrad O. Pearson and William G. Pearson, II, for plaintiff appellants.*

*John R. Jenkins, Jr., and Pritchett, Cooke and Burch for defendant appellees.*

PER CURIAM.    This action is in substance one in ejectment. The same controversy was before us at the Spring Term 1963 when plaintiffs appealed from a judgment sustaining a similar demurrer to a substantially identical complaint. We held then that the 1878 deed from Griffin to Walton was void for vagueness and uncertainty of description and that plaintiffs could base no claim upon it. The judgment sustaining the demurrer was affirmed with permission to plaintiffs to amend. *Boone v. Pritchett,* 259 N.C. 226, 130 S.E. 2d 288. Instead of amending, plaintiffs instituted a new action upon the same, albeit proliferated, allegations.

Plaintiffs, having based their claim to the lands upon a deed which we have declared to be void upon its face, then allege that for more than 25 years defendants have been in possession of the land under a deed containing a description which furnishes means of identifying the land. *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29. The complaint establishes that plaintiffs have no title or right to the land they seek to recover. The demurrer was properly sustained. *Anderson v. Atkinson,* 234 N.C. 271, 66 S.E. 2d 886; *Carson v. Jenkins,* 206 N.C. 475, 174 S.E. 271; *Leatherwood v. Fulbright,* 109 N.C. 683, 14 S.E. 299.

No error.