**WHITESIDE v. LAWYERS SURETY CORP.**

[107 N.C. App. 230 (1992)]

PAUL RAY WHITESIDE, PLAINTIFF v. LAWYERS SURETY CORPORATION, DEFENDANT

No. 9112SC454

(Filed 4 August 1992)

**Principal and Surety § 2 (NCI4th)— surety bond—underlying judgment—identity of principal—issue of fact—summary judgment improper**

The trial court erred by granting summary judgment for plaintiff in an action on a surety bond where plaintiff obtained a judgment against "Terry West d/b/a Jets Auto Sales" and the motor vehicle dealer surety bond was issued to "Jets Car Care Center, Inc. DBA Jets Auto Sales." Whether the corporation covered by the surety bond is the same as the entity which sold the car to plaintiff and which plaintiff originally sued was a disputed issue of fact.

**Am Jur 2d, Agency § 359.**

**Imputation of knowledge of agent acting for both parties to transaction. 4 ALR3d 224.**

APPEAL by defendant from a judgment entered 28 March 1991 by *Judge Coy E. Brewer, Jr.* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 11 March 1992.

In August 1989 plaintiff purchased a 1978 Datsun 280Z from Jets Auto Sales (Jets Auto). At that time a salesman for Jets Auto told plaintiff that the car was in great condition, needed only minor repairs, and had mileage of 56,307 miles. Plaintiff paid $2000.00 for the car plus expenses for taxes, tags, and insurance. By November 1989 plaintiff had discovered that in fact the car was in need of extensive repairs and had actual mileage in excess of 164,642 miles.

On 29 March 1990, plaintiff filed suit against Terry West d/b/a Jets Auto Sales in Cumberland County District Court. In his complaint, plaintiff sought actual damages in the amount of $3,286.20, treble damages pursuant to N.C. Gen. Stat. § 75-16, and attorney fees pursuant to N.C. Gen. Stat. § 75-16.1. Terry West d/b/a Jets Auto Sales did not respond to plaintiff's complaint. On 26 June 1990, judgment was entered against Jets Auto Sales. Plaintiff was awarded $3,286.20 in actual damages, $9,858.60 in treble damages,

and $3,286.20 in attorney fees. Jets Auto Sales has refused to pay the judgment.

Defendant in the present case is an insurance corporation which has been licensed to do business in North Carolina pursuant to N.C. Gen. Stat. § 58-16-1 (former section 58-149 recodified in 1989). Jets Car Care Center d/b/a Jets Auto Sales obtained a surety bond from defendant pursuant to the provisions set out in N.C. Gen. Stat. § 20-288(e). In September 1990 plaintiff filed a complaint against defendant for recovery under a surety contract made between Terry West d/b/a Jets Auto Sales and defendant. Defendant filed a motion to dismiss. Plaintiff filed a motion for summary judgment. From the trial court's grant of plaintiff's motion and denial of defendant's motion, defendant appeals.

*Boose & McSwain, by Michael C. Boose, for plaintiff-appellee.*

*Moore & Van Allen, by E. K. Powe and William E. Freeman; and Blackwell, Strickland & Luedeke, by Jeffrey R. Luedeke, for defendant-appellant.*

ORR, Judge.

The first issue on appeal is whether summary judgment in favor of plaintiff was properly granted. Defendant contends that summary judgment was improper because the evidence presented did not support the trial court's finding and conclusion that the entity against whom the default judgment was obtained in district court, namely Terry West d/b/a Jets Auto Sales, is the same entity which obtained a surety bond from defendant. Defendant contends that the surety contract it issued was to Jets Car Care Center, Inc., and because Jets Car Care Center, Inc. was not named in the underlying lawsuit the trial court lacked jurisdiction to enter summary judgment in plaintiff's favor based on the underlying judgment.

Defendant concedes that it entered into a motor vehicle dealer bond with Jets Car Care Center, Inc. d/b/a Jets Auto Sales and that Jets Car Care Center, Inc. was a North Carolina Corporation engaged in business in Cumberland County, North Carolina. The record reveals that an assumed name certificate showing that Jets Car Care Center, Inc. operated under the assumed name of Jets Auto Sales was duly recorded with the Cumberland County Register

WHITESIDE v. LAWYERS SURETY CORP.

[107 N.C. App. 230 (1992)]

of Deeds. The surety bond issued to Jets Car Care, Inc. DBA Jets Auto Sales contains the following terms:

> [Lawyers Surety Corporation] as Surety, are [sic] held and firmly bound unto the people of the State of North Carolina to indemnify any person who may be aggrieved by fraud, fraudulent representation or violation by said Principal, salesmen, or representatives acting for such Principal within the scope of the employment of such salesmen or representatives of any of the provisions of Article 12, Chapter 20 of the North Carolina General Statutes. . . .

We find no requirement in the bond that a separate judgment must first be obtained against the principal in order for the surety's obligation to arise. Therefore, in our view, the underlying district court judgment does not raise a jurisdictional issue nor does it control the outcome of this matter. Rather what appears from the record is that there exists a genuine issue of material fact as to whether a salesman or representative acting for the principal defrauded the plaintiff. Despite the trial court's finding to the contrary, whether Jets Car Care Center, Inc. and Jets Auto Sales are the same legal entity and whether a representative or salesmen of the principal on the bond defrauded plaintiff are disputed issues of material fact.

The summary judgment order entered in this case sets out findings of fact and, on the basis of those findings, makes conclusions of law. We have repeatedly stated that it is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law. *Capps v. City of Raleigh*, 35 N.C. App. 290, 241 S.E.2d 527 (1978). ". . . [F]inding the facts in a judgment entered on a motion for summary judgment presupposes that facts are in dispute." *Id.* at 292, 241 S.E.2d at 528. "If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper." *Wachovia Bank & Trust Co. v. Peace Broadcasting Corp.*, 32 N.C. App. 655, 233 S.E.2d 687, *disc. review denied*, 292 N.C. 734, 235 S.E.2d 788 (1977), *citing Leasing, Inc. v. Dan-Cleve Corp.*, 31 N.C. App. 634, 230 S.E.2d 559 (1976). However, when the stated findings constitute a summary of material facts not at issue and which form the basis of the trial court's judgment or which the the trial court thinks justify entry of judgment, then their inclusion does not constitute error. *Id.* at 658, 233 S.E.2d at 689.

WHITESIDE v. LAWYERS SURETY CORP.

[107 N.C. App. 230 (1992)]

Our review of the findings reveals that rather than constituting a summary of material facts not at issue, the findings attempt to resolve disputed issues of material fact. In order to enter summary judgment against defendant based on the underlying district court judgment, the trial court found that a surety contract was made between Jets Auto Sales and defendant. However, defendant has consistently denied that it executed a surety contract with "Terry West d/b/a Jets Auto Sales"—the defendant in the underlying action. Plaintiff's request for admission that defendant had a surety bond with Terry West d/b/a Jets Auto Sales, Inc. was specifically denied by defendant. Likewise, in response to plaintiff's amended request for admission, defendant denied the existence of a surety bond with Jets Auto Sales, Inc. and that Terry West was an agent and employee of Jets Auto Sales, Inc. The actual motor vehicle dealer surety bond is issued to "Jets Car Care Center, Inc. DBA Jets Auto Sales" as principal. Whether the corporation covered by the surety bond is the same as the entity which sold the car to plaintiff and which plaintiff originally sued in district court was obviously a disputed fact. Furthermore, whether or not the corporate defendant is the same as the entity which sold the car to plaintiff is clearly an issue of material fact; therefore, it was error to include a finding on that issue in the judgment.

In determining whether summary judgment is appropriate, the court's function is not to decide the truth of issues raised by pleadings and other materials, but to determine whether any genuine issue of material fact exists that requires adjudication. *Avriett v. Avriett*, 88 N.C. App. 506, 363 S.E.2d 875, *aff'd*, 322 N.C. 468, 368 S.E.2d 377 (1988). Summary judgment may not be used to resolve disputed factual issues which are material to the disposition of the action. *Robertson v. Hartman*, 90 N.C. App. 250, 368 S.E.2d 199 (1988).

Under the terms of the bond, plaintiff is required to show that the principal or a salesman or representative of the principal "[practiced] fraud . . . on him or made a fraudulent representation to him . . ." and that plaintiff was damaged. If, upon further adjudication, plaintiff prevails in proving that Jets Car Care Center, Inc. d/b/a Jets Auto Sales, as principal, or a salesman or representative of the bonded entity committed fraud against the plaintiff, then the defendant surety would be responsible for damages.

We therefore reverse the grant of summary judgment and remand this case for determination of the issues delineated above.

Reversed and remanded.

Chief Judge HEDRICK and Judge WALKER concur.