RAWLS & ASSOCIATES, a North Carolina General Partnership Plaintiff-Appellee v. ALICE W. HURST and BILLY A. HURST, Defendants-Appellants

No. COA00-567

(Filed 19 June 2001)

**1. Civil Procedure— summary judgment—sealed depositions—judge's review—copies of relevant pages**

The trial judge properly reviewed the documents before him on a summary judgment motion where four sealed depositions remained unopened but the judge was provided with copies of the relevant pages.

**2. Real Property— sale and lease—latent ambiguity in description—revised final plat**

The trial court did not err by granting summary judgment for plaintiff on specific performance and breach of contract claims

RAWLS & ASSOCS. v. HURST

[144 N.C. App. 286 (2001)]

arising from the sale and lease of land where it was necessary for the court to consider extrinsic evidence because there was a latent ambiguity in the contract property description and the defendants breached the contract by not conveying the property according to a revised final plat.

**3. Trespass— disputed property—presence of construction equipment and materials—delayed action—implied consent**

The trial court did not err by denying defendants' motion for summary judgment on a trespass claim arising from a disputed sale and lease of property where there was implied consent by defendants because they knew of construction items on the property and did not take action for several months.

**4. Unfair Trade Practices— real estate sale—plats**

The trial court did not err by denying defendants' motion for summary judgment or by granting plaintiff's motion for summary judgment on an unfair or deceptive trade practices claim arising from the disputed sale and lease of real property where there was no evidence that defendant seller was prevented from consulting with her attorney before signing the Final Plat or the Revised Final Plat, no evidence that she was prevented from carefully reviewing the plats before she signed them, and no evidence that plaintiff's attorney used the firm preparing the plats for purposes of circumventing rules.

Appeal by Mr. and Mrs. Hurst from order entered 21 February 2000 by Judge William C. Griffin, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 26 March 2001.

*Ward and Smith, P.A. by Donald S. Higley, II and Ryal W. Tayloe for Plaintiff-Appellee Rawls & Associates.*

*Lee E. Knott, Jr. for Defendants-Appellants.*

BRYANT, Judge.

Mr. and Mrs. Hurst appeal the trial court's denial of their motion for summary judgment. We conclude the trial court committed no error.

Mr. and Mrs. Hurst own a tract of land in Chocowinity, North Carolina (the Property). On 9 October 1996 the Hursts agreed to sell two lots (Out Parcels) and to lease a portion of the property (Tract 2)

to Rawls for a forty-year term. The contract, as set out in a "Letter of Intent", contained several conditions to be resolved before the closing date. One condition was to seek approval from the Town of Chocowinity for all zoning permits. Rawls employed Jarvis Associates, P.A. (Jarvis Associates), an engineering and surveying firm, to pursue a zoning amendment. Jarvis Associates prepared a new survey of the Property entitled "Preliminary Plat for Alice W. Hurst" (Preliminary Plat). This was the first of three plats prepared by Jarvis Associates.

The Preliminary Plat altered the dimensions of the Out Parcels and Tract 2 from how they were drawn on the contract map. On 5 March 1997, Charles H. Manning, III, (Manning), a Jarvis Associates employee, met with Mrs. Hurst and obtained her approval and signature on the Preliminary Plat and application for a zoning amendment.

A few months later a portion of the property was dedicated by Mrs. Hurst to the N.C. Department of Transportation (DOT) to widen U.S. Highway 17. On 14 November 1997 a new plat, entitled "Final Plat Alice W. Hurst" (Final Plat) was prepared. The Final Plat was approved and signed by Mrs. Hurst on 1 December 1997. Less than a week later, Mrs. Hurst and her children met with Manning and Rawls on the Property. Manning showed the corners of the Property staked in accordance with the Final Plat.

Sometime thereafter Jarvis prepared a Revised Final Plat after discovering the Final Plat did not show internal access easements referred to in the contract. On 8 January 1998, Mrs. Hurst signed the Revised Final Plat.

On 14 January 1998, the Hursts signed a forty-year lease for Tract 2. The description of Tract 2 in the lease was derived from the Revised Final Plat and the lease specifically referenced the Revised Final Plat. Then Mrs. Hurst, through her attorney, had a proposed deed forwarded to Rawls' attorney conveying the Out Parcels. Rawls rejected the deed because it left a twenty foot gap between Tract 2 and the back lines of the Out Parcels. The property description in the deed was from the Preliminary Plat as opposed to the Revised Final Plat. Notwithstanding Rawls' insistence that the Out Parcels be conveyed pursuant to the Revised Final Plat, Mrs. Hurst refused to do so.

On 9 June 1998, Mrs. Hurst complained of trespass on her property—the Out Parcels. On 30 June 1998, Rawls filed an action seeking

specific performance of the contract to convey the two Out Parcels in accordance with the Revised Final Plat. The Hursts asserted counter-claims for trespass and breach of contract.

On 29 January 1999, Rawls' motion for summary judgment was denied. On 1 April 1999, the trial court allowed Mr. and Mrs. Hurst's motion for leave to amend their answer to assert a counter-claim for unfair or deceptive trade practices. On 24 February 2000, the trial court denied the Hursts' motion for summary judgment and entered summary judgment in favor of Rawls. Mr. and Mrs. Hurst appealed.

## I.

**[1]** On appeal, the Hursts first contend the trial court erred in failing to open and read every deposition filed prior to ruling on the sum-mary judgment motion. We disagree.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any ma-terial fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2000). A summary judgment motion should be granted when, based upon the pleadings and supporting materials, the trial court determines that only questions of law, not fact, are to be decided. *Loy v. Lorm Corp.*, 52 N.C. App. 428, 437, 278 S.E.2d 897, 903 (1981). However, when there are factual disputes which are material to the disposition of the case, summary judgment may not be used. *Whiteside v. Lawyers Sur. Corp.*, 107 N.C. App. 230, 233, 418 S.E.2d 829, 831 (1992). "An issue of material fact is one which may constitute a legal defense or is of such a nature as to affect the result of the action or is so essential that the party against whom it is resolved may not prevail; an issue is genuine if it can be supported by substantial evidence." *Cox v. Cox*, 75 N.C. App. 354, 355, 330 S.E.2d 506, 507(1985) (quoting *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974)).

In the instant case, the Hursts submitted a certificate from an Assistant Clerk of Superior Court, who certified that four of the sealed depositions remained unopened. The Hursts argue that the trial judge could not have based his summary judgment ruling "on complete discovery" as stated in the Order granting summary judg-ment for Rawls because he did not review all of the depositions. They assert that the trial judge's failure to consider four of the seven depo-

sitions deprived them of their "full right to be heard according to the law" required by Canon 3A(4) of the Code of Judicial Conduct. Rawls states the trial judge was provided with copies of the relevant pages of testimony contained in the unopened original depositions, a contention which is undisputed by the Hursts. Moreover, Rawls argues that the Contract is enforceable; thus a failure by the judge to read any of the depositions is harmless error. We agree.

We interpret the statement, "on complete discovery" to mean that the trial judge's ruling was made after there was complete discovery by the parties *not* that he based *his ruling* on complete discovery. Thus, we conclude that the trial judge properly reviewed the documents before him to determine if the summary judgment motion should have been granted. Further, having concluded that the review of the documents was proper, we find no merit in the contention that the trial judge violated Canon 3A(4) of the Code of Judicial Conduct.

II.

**[2]** Next, the Hursts contend the trial court erred by granting summary judgment in favor of Rawls on the issues of specific performance of the contract and breach of contract by the Hursts. The parties make essentially the same arguments for these two issues; therefore we address them simultaneously.

In an action seeking specific performance of a real estate contract, summary judgment is appropriate if the requirements of a valid contract are met. *Williford v. Atlantic American Properties, Inc.*, 129 N.C. App. 409, 411, 498 S.E.2d 852, 854 (1998), *rev'd*, 350 N.C. 58, 510 S.E.2d 376 (1999). A contract for the sale of real property must meet the following requirements: be in writing; signed by the parties; contain an adequate description of the real property; recite a sum of consideration; and contain all key terms and conditions of the agreement. *See generally Yaggy v. B.V.D. Co.*, 7 N.C. App. 590, 173 S.E.2d 496 (1970) (citations omitted). "Every valid contract must contain a description of the subject-matter; but it is not necessary it should be so described as to admit of no doubt what it is, for the identify of the actual thing and the thing described may be shown by extrinsic evidence." *Green v. Harshaw*, 187 N.C. 213, 221, 121 S.E. 456, 459 (1924).

Extrinsic evidence is allowed where, as here, there is a latent ambiguity, "that is, when the words of the instrument are plain and

intelligible but leave it uncertain as to what property is embraced in the conveyance and presents a question of identification of the property." *Root v. Allstate Ins. Co.*, 272 N.C. 580, 588, 158 S.E.2d 829, 835-36 (1968). In such case plaintiff may offer extrinsic evidence tending to identify the property, and defendant may offer evidence tending to show impossibility of identification, i.e., ambiguity. *Bradshaw v. McElroy*, 62 N.C. App. 515, 516, 302 S.E.2d 908, 910 (1983).

In the instant case, the description of the real property in the "Letter of Intent" states the following: "[l]ocated in the town of Chocowinity, County of Beaufort, State of North Carolina, being known as and more particularly described as: the Northwest corner of Highway 17 and Patrick Lane as shown on the attached map labeled Exhibit A." Exhibit A is a map of the Property as it was prior to the dedication of a portion of it to the DOT. After the highway dedication, the property subject to sale under the contract consisting of the Out Parcels shown in Exhibit A, was partially within the newly dedicated property. If one were to rely solely on the contract for a description of the Out Parcels, the conveyance would be ambiguous.

During the summary judgment hearing some of the extrinsic evidence allowed by the trial court was as follows: 1. Testimony of Rawls that the contract was intended to be flexible and left many issues to be resolved prior to closing; 2. Evidence of a Preliminary Plat signed by Mrs. Hurst which she admits changed the configuration of the Out Parcels; 3. Evidence of a Final Plat signed by Mrs. Hurst, followed by a Revised Final Plat signed by Mrs. Hurst; and 4. Evidence that the Hursts signed a lease agreement for Tract 2 which also contained a description of the Out Parcels consistent with the Revised Final Plat.

Here there was clearly a latent ambiguity in the contract property description. The extrinsic evidence allowed during the summary judgment hearing served to identify the property. Therefore, it was necessary for the trial court in this case to allow extrinsic evidence.

The property subject to conveyance under the contract is that described in the Revised Final Plat. The Hursts should have conveyed the property according to the Revised Final Plat and their failure to do so constituted a breach. Accordingly, we find that the trial court did not err in granting summary judgment for Rawls and we affirm the trial court with respect to both issues—specific performance and breach of contract.

III.

[3] Next, the Hursts argue that the trial court erred by denying their motion for summary judgment and granting summary judgment in favor of Rawls on the issue of Rawls' alleged trespass on the Hursts' property. We disagree.

Prior to 3 November 1997, Wimco Corporation, a general contractor, placed a mobile office, construction equipment, materials, dumpsters and construction waste on the Out Parcels. These items were present on the property during a ground-breaking ceremony which Mrs. Hurst attended. Mrs. Hurst, through her attorney, complained to Rawls' attorney about the alleged trespass in a letter dated 9 June 1998, some time *after* Rawls rejected the deed to the Out Parcels.

A plaintiff may have a claim for trespass to real property if: (1) plaintiff was in possession of the land at the time of the alleged trespass; (2) defendant made an unauthorized entry on the land; and (3) plaintiff was damaged by the alleged invasion of his possessory rights. *Matthews v. Forrest*, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952). A person who enters and remains upon land possessed by another without the possessor's consent or any other privilege is a trespasser. *Smith v. Voncannon*, 283 N.C. 656, 661-62, 197 S.E.2d 524, 529 (1973). "An entry on land in the possession of another is privileged as against the possessor in so far as it is pursuant to his consent." *Id.* at 661, 197 S.E.2d at 528-29 (quoting Restatement (Second) of Torts § 167 (1965)). Consent may be implied and an apparent consent may be sufficient if it is brought about by the acts of the person in possession of the land. There does not have to be an invitation to enter the land, it is sufficient that the possessor's conduct indicates that he consents to the entry. *Id.* at 661, 197 S.E.2d at 529.

In the instant case, there is no dispute that Wimco Corporation (owned by Rawls) placed a mobile office, construction equipment and materials onto one of the Out Parcels prior to a ground-breaking ceremony on November 3, 1997. Mrs. Hurst was present at the ground-breaking and her two adult children visited the property on one occasion. However, no one objected to the presence of the items for at least seven months. The letter from the Hursts alleging trespass by Rawls was not sent until June of 1998. In fact, the Hursts did not complain of a trespass until *after* Rawls rejected the deed to the Out Parcels tendered by Mrs. Hurst. Based on *Smith*, we find that there was implied consent by the Hursts because they knew of the con-

RAWLS & ASSOCS. v. HURST

[144 N.C. App. 286 (2001)]

struction items on the Out Parcels and failed to take any action for several months. Thus, we conclude that Rawls, through his agents, occupied the property with the consent of the Hursts. Accordingly, we find that the trial court did not err by denying the Hursts' summary judgment motion on the issue of trespass on the Hursts' property and we affirm the trial court.

## IV.

**[4]** Finally, the Hursts argue that the trial court erred by denying their motion for summary judgment and by granting summary judgment in favor of Rawls regarding unfair or deceptive trade practices. Again, we disagree.

In order to establish a claim under Chapter 75 of the General Statutes, a claimant must show (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which proximately caused actual injury to the claimant. *Market America, Inc. v. Christman-Orth*, 135 N.C. App. 143, 155, 520 S.E.2d 570, 579 (1999) (quoting *Spartan Leasing Inc. v. Pollard*, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991)); *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 262, 266 S.E.2d 610, 620 (1980).

"A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Johnson*, 300 N.C. at 263, 266 S.E.2d at 621 (1980). A practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required. *Id.* at 265, 266 S.E.2d at 622. Whether an act or practice violates Chapter 75 is a question of law. *Budd Tire Corp. v. Pierce Tire Co. Inc.*, 90 N.C. App. 684, 691, 370 S.E.2d 267, 271 (1988).

The Hursts allege that Rawls committed a number of deceptive acts. They contend that Rawls' decision to have Jarvis Associates prepare a new map, which moved back the Out Parcels to accommodate the highway dedication, without first seeking the approval of Mrs. Hurst or her attorney, was deceptive. The Hursts also contend that no one told Mrs. Hurst that her signature on the revised plats would result in her being obligated to convey additional property to Rawls. These contentions are without merit.

Mrs. Hurst met with employees from Jarvis Associates on numerous occasions to review and sign the revised plats. She chose to bring her adult children along instead of her attorney. She was shown the revisions to the plat. She testified that she was informed that "[the

engineers] moved things back and moved things around" after the Preliminary Plat. There is no evidence that Mrs. Hurst was prevented from consulting with her attorney before signing the Final Plat or the Revised Final Plat. There is no evidence that Mrs. Hurst was prevented from carefully reviewing the plats before she signed them. Moreover, Mrs. Hurst admits by her own testimony that she was neither pressured nor deceived in any way when she signed the Revised Final Plat. In fact, Mrs. Hurst and her attorney executed a lease in which the description of Tract 2 was taken directly from the Revised Final Plat. The lease for Tract 2, signed on 14 January 1998, was for a *forty-year term* and specifically referenced the Revised Final Plat.

The Hursts also allege that Rawls committed unfair acts. They argue that the meetings between Mrs. Hurst and various Jarvis Associates employees was an attempt by Rawls' counsel to circumvent Rule 4.2 of the Revised Rules of Professional Conduct. This rule prohibits a lawyer from communicating about the subject of his representation of a client with a person the lawyer knows is represented by another lawyer in the matter. The Hursts also contend that Rawls and its engineers' prepared legal documents in violation N.C.G.S. § 84-4, which makes it unlawful for anyone except a licensed attorney to practice law.

We find the Hursts' arguments regarding violations of Rule 4.2 and N.C.G.S. § 84-4 unfounded. It is true that the Hursts were represented by counsel, but there is no evidence that Rawls' counsel used Jarvis Associates for the purposes of circumventing the rules. Moreover, Jarvis Associates was an engineering and surveying firm and they did exactly what they were hired to do, prepare plats. The Hursts failed to prove that the acts and practices of Rawls and its' agents were unfair. Absent proof of unfair or deceptive practices, the Hursts' claim of injury and damages must also fail.

Accordingly, we conclude that the trial court's order denying the Hursts' summary judgment motion and granting summary judgment in favor of Rawls is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McCULLOUGH concur.