THOMAS G. INGERSOLL, AND WIFE BARBARA D. INGERSOLL, PLAINTIFFS v. GLENN D. SMITH, AND WIFE MAUREEN T. SMITH, DEFENDANTS

No. COA06-1113

(Filed 17 July 2007)

**Real Property— escrow agreement at closing—terms clear— extrinsic evidence of intent not admitted**

Contractual provisions in an escrow agreement concerning a swimming pool in real estate closing did not need clarification, and the trial court properly held that both the parol evidence rule and the statute of frauds foreclosed the admission of any extrinsic evidence as to the agreement between the parties.

Appeal by plaintiffs from an order entered 13 June 2006 by Judge C. Christopher Bean in Currituck County District Court. Heard in the Court of Appeals 11 April 2007.

*Vincent Law Firm, P.C., by Branch W. Vincent, III, for plaintiff-appellants.*

*Dan L. Merrell & Associates, P.C., by James A. Clark, for defendant-appellees.*

**INGERSOLL v. SMITH**

[184 N.C. App. 753 (2007)]

HUNTER, Judge.

Husband and wife Thomas G. Ingersoll and Barbara D. Ingersoll ("plaintiffs") appeal from an order granting a motion on the pleadings by husband and wife Glenn D. Smith and Maureen T. Smith ("defendants"). After careful review, we affirm.

On 16 January 2004, plaintiffs purchased a house from defendants located on lot 24 of Magnolia Bay in Corolla, North Carolina. The house property included a swimming pool which, because of winter weather, plaintiffs were unable to have inspected prior to closing. As a result, the parties entered into an escrow agreement that contained the following clauses:

> WHEREAS, [plaintiffs] ha[ve] been unable to obtain a pool inspection of the swimming pool located on the property prior to closing due to the winter weather and desires to insure that, if problems are revealed [by such an inspection], funds will be available to pay for correction of deficiencies, [defendants] ha[ve] agreed to provide funds for such purpose and this agreement documents the terms of such deposit.
>
> . . .
>
> 1. <u>Amount of Deposit</u>. Seller and Buyer hereby deposit with the Depositary the sum of $500 in cash (the "fund"), the receipt of which is hereby acknowledged by Depositary for deposit to Depositary's regular trust checking account.
>
> 2. <u>Terms of Deposit</u>. Depositary shall hold the fund until Buyer, acting in good faith and within reasonable time not to exceed May 15, 2004, causes the pool to be prepared for use in the 2004 season and inspects the pool for damage. In the event that damages are revealed, the fund will be used to pay for such damages.

When plaintiffs had the inspection done (within the time limit specified by the escrow agreement), they found that the pool needed repairs that would cost $8,600.00. They notified defendants, who refused to pay anything over the $500.00 in the escrow account. Plaintiffs brought suit, arguing that the escrow agreement was not intended to be the total commitment and liability of defendants; defendants' subsequent answer and motion for judgment on the pleadings refuted this claim. The motion for judgment on the plead-

ings was granted by the trial court on 13 June 2006. Plaintiffs appeal from that order.

Plaintiffs argue that the trial court erred in holding that the statute of frauds and parol evidence rule foreclosed the admission of extrinsic evidence. This argument is without merit.

Courts may properly grant a motion for judgment on the pleadings made pursuant to N.C.R. Civ. P. 12(c) "when all the material allegations of fact are admitted on the pleadings and only questions of law remain." *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987). The court must "view[] the facts and permissible inferences in the light most favorable to the nonmoving party" and determine that the movant "is clearly entitled to judgment as a matter of law." *Id.*

In its order granting defendants' motion, the trial court made a conclusion of law that "[t]he terms of the Escrow Agreement are not ambiguous and the application of the Statute of Frauds and/or the Parol Evidence Rule forecloses admission of prior or contemporaneous promises, conversations or agreements between the parties which would give rise to other inferences favorable to the Plaintiffs." The court also concluded that "[t]he Escrow Agreement sets forth in plain language the limit of the Defendants' obligation at $500.00."

The statute of frauds and parol evidence rule operate similarly in this case in that both prevent the consideration of extrinsic evidence as to the meaning of the escrow agreement. "The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict" the terms of an integrated written agreement, *Hall v. Hotel L'Europe, Inc.*, 69 N.C. App. 664, 666, 318 S.E.2d 99, 101 (1984), though "an ambiguous term may be explained or construed with the aid of parol evidence." *Vestal v. Vestal*, 49 N.C. App. 263, 266-67, 271 S.E.2d 306, 309 (1980). Similarly, the statute of frauds requires that "[a]ll contracts to sell or convey any lands . . . or any interest in or concerning them . . . be put in writing and signed by the party to be charged therewith[.]" N.C. Gen. Stat. § 22-2 (2005).

Here, we agree with the trial court that the relevant contractual provisions need no clarification. It states: "In the event that damages are revealed, the fund will be used to pay for such damages." The amount of that fund was also clearly delineated by its description as "the sum of $500 in cash (the 'fund')." Holding that this agreement created an unlimited obligation on the part of defendants to pay for

INGERSOLL v. SMITH

[184 N.C. App. 753 (2007)]

repairs to the pool regardless of their cost would twist the clear meaning of the agreement and commit defendants to a monetary obligation they did not agree to undertake. Further, because the agreement concerns the parties' interests in the pool and thus in the house and land being conveyed, any terms of the parties' agreement must have been set down in writing to be valid. Looking at the facts in the light most favorable to plaintiffs does not change the fact that the escrow agreement is clear on its face.

Thus, the trial court properly held that both the parol evidence rule and the statute of frauds foreclosed the admission of any extrinsic evidence as to the agreement between the parties. As such, we affirm the trial court's ruling.

Affirmed.

Judges TYSON and JACKSON concur.