MURRAY O. CLARK, Plaintiff,
v.
CHRISTOPHER M. CLARK and wife, KATHRYN W. CLARK, Defendants.
No. COA07-1205
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Aldridge, Seawell, Spence & Felthousen, LLP, by Paddison P. Hudspeth, for plaintiff.
Sharp, Michael, Outten & Graham L.L.P., by Starkey Sharp, for defendants.
ELMORE, Judge.
On 28 January 2004, Murray O. Clark (plaintiff) sued his son, Christopher M. Clark, and his daughter-in-law, Kathryn W. Clark (together, defendants), for specific enforcement of a contract for the sale of real property. Eventually, both parties filed motions for summary judgment. After a hearing on 30 April 2007, the trial court entered an order denying defendants' motion for summary judgment and granting plaintiff's. Defendants were ordered to convey the property to plaintiff within sixty days upon the terms of the contract. Defendants now appeal the trial court's order. Defendants' sole argument on appeal is that the trial court erred by granting plaintiff's motion for summary judgment because there was no contract between the parties. They contend that there was no "mutual assent between [the] parties at the formation stage of the contract." Specifically, they argue that the parties did not reach a meeting of the minds as to the price of the property. Although the contract lists the purchase price as $30,000.00, plaintiff stated in his deposition that defendant Christopher Clark wanted $60,000.00 for the property, "30 on top and 30 underneath so he didn't have to pay taxes on it," and that "all that money has been paid him." Defendants also assert that defendant Christopher Clark never "made an agreement consistent with the alleged contract with the plaintiff to sell the subject property."
Ignoring defendant Christopher Clark's alleged fraud, as well as defendants' acknowledgment in their brief that plaintiff has already paid them $60,000.00 for the property in question, we affirm the trial court's order.
We review an order of summary judgment de novo. Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007).
In an action seeking specific performance of a real estate contract, summary judgment is appropriate if the requirements of a valid contract are met. A contract for the sale of real property must meet the following requirements: be in writing; signed by the parties; contain an adequate description of the real property; recite a sum of consideration; and contain all key terms and conditions of the agreement.
Rawls & Assocs. v. Hurst, 144 N.C. App. 286, 290, 550 S.E.2d 219, 223 (2001) (citations omitted). "The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict the terms of an integrated written agreement, though an ambiguous term may be explained or construed with the aid of parol evidence." Ingersoll v. Smith, 184 N.C. App. 753, 755, 647 S.E.2d 141, 143 (2007) (citations and quotations omitted). Parol evidence is admissible to prove fraud or mutual mistake, but defendants argue neither on appeal. Cunningham v. Brown, 51 N.C. App. 264, 270, 276 S.E.2d 718, 724 (1981). When a contract's "language is clear and unambiguous, the court is obliged to interpret the contract as written, and cannot, under the guise of construction, reject what parties inserted or insert what parties elected to omit." Corbin v. Langdon, 23 N.C. App. 21, 25, 208 S.E.2d 251, 254 (1974) (citations and quotations omitted).
Here, the contract contained all of the required terms as well as a merger clause: (1) The contract is in writing, and is in fact a standard form jointly approved by the North Carolina Bar Association and the North Carolina Association of REALTORS®. (2) The contract contains the signatures of plaintiff and both defendants. (3) The contract contains an adequate description of the property in question. (4) The contract recites a sum of consideration, $30,000.00. (5) The merger clause states, in relevant part, "21. ENTIRE AGREEMENT: This contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must be in writing and signed by all parties." The contract does not include a closingdate, but the omission is not fatal; "[w]here no time of performance is stated, the law implies that the option must be exercised within a reasonable time." Hurdle v. White, 34 N.C. App. 644, 651, 239 S.E.2d 589, 593 (1977).
Here, the language of the contract is clear and unambiguous. Moreover, it satisfies the requirements of a valid contract, and a court may not look to parol evidence of a different understanding when the parties have made themselves so clear in a valid contract. Accordingly, the trial court properly held that there was no genuine issue of material fact and properly entered summary judgment in favor of plaintiff.
Affirmed.
Judges HUNTER and STROUD concur.
Report per Rule 30(e).